## CIRCUIT COURT OF FAIRFAX COUNTY

Francis D. Rebhun

v.

Jeanette Rebhun

October 10, 1996

Case No. (Chancery) 124988

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter comes on complainant's motion for entry of a Qualified Domestic Relations Order ("QDRO"). The defendant asks that the entry of the QDRO be deferred or that the language of the proposed QDRO be amended.

The parties were divorced by a final decree entered September 13, 1994. The final decree of divorce followed an equitable distribution hearing at which the parties largely stipulated to the distribution of their assets. Among the stipulations (and included in the final decree) was the agreement that each spouse be entitled to fifty percent of the other's retirement benefits.

Since the entry of the final decree of divorce, Mrs. Rebhun has retired and has begun receiving retirement benefits. Mr. Rebhun has continued to work and is not yet receiving retirement benefits. After the final decree was entered but before Mrs. Rebhun retired, Mr. Rebhun wrote to her addressing her apparent concern that if she retired before he did, she would be giving him half of her retirement benefits and would be receiving none of his benefits in return until he also retired. Mr. Rebhun advised that "[i]t appears that our Divorce Decree covers the time when we are both working and when we are both retired, but not the transition when one of us is working and the other is retired. Clearly, this got away from everyone — the lawyers as well as both of us." Letter dated 11/27/95, Stipulated Exhibit No. 1. Mr. Rebhun suggested that "[t]here are probably several ways to fix the problem," and "I certainly do not want to prevent you from retiring because of this oversight."

Mr. Rebhun apparently received no response from Mrs. Rebhun to this letter. Thereafter Mrs. Rebhun retired, and Mr. and Mrs. Rebhun each began receiving half of her retirement annuity from the County of Fairfax. Mr. Rebhun wrote again to Mrs. Rebhun, suggesting that until he retired, he would reimburse Mrs. Rebhun each month the amount of her retirement pension that he received. He also proposed that because Mrs. Rebhun would in effect receive the full annuity, she should pay all the taxes on it, i.e., the taxes on her half that would be assessed against her, and the taxes on his half that would be accessed against him. He further proposed an automatic bank transfer of his half each month back to her, with a reconciliation at the end of each year as to the tax consequences of his receipt of his half of her annuity. Letter dated August 2, 1996, Stipulated Exhibit No. 2. Apparently, Mrs. Rebhun was not agreeable to that proposal.

I find that Mr. Rebhun's proposal is eminently fair, including the proposal that Mrs. Rebhun account for the taxes that would be assessed against him on funds he would be reimbursing her. But I further find that the proposal is not necessary to effect the intent of the parties.

Section 8.01-428(B) of the Code of Virginia authorizes a trial court to correct "errors [in all judgments or other parts of the record] arising from oversight or from an inadvertent omission . . . at any time on its own initiative or upon the motion of any party . . . ." It is clear that Mr. Rebhun (by his letter of November 27, 1995) and Mrs. Rebhun (through her counsel) agree that the stipulation of the parties made at the equitable distribution hearing and incorporated in the final decree of divorce was intended only to apply once both parties had retired. It was not intended to apply to "the transition when one of us is working and the other is retired." Stipulated Exhibit No. 1. The failure to address the transition period is an oversight or inadvertent omission that may be corrected by this Court under § 8.01-428(B) of the Code. *See Dorn v. Dorn*, 228 Va. 288 (1981). The instant issue is unlike that presented in *Caudle v. Caudle*, 18 Va. App. 795 (1994), where the trial court attempted belatedly to modify a final decree in a manner inconsistent with the decree's substantive provisions.

I order that the parties amend paragraph 8 of the proposed QDRO to reflect the above ruling. I further order that any tax liability of Mr. Rebhun for the share of Mrs. Rebhun's retirement annuity that he receives until such modification is made shall be reimbursed to him by Mrs. Rebhun.